UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROYLEE WALKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1.  This is an action brought by Plaintiff, Roylee Walker ("Walker"), by counsel, against Defendant, Wal-Mart Stores East, L.P. ("Defendant"), for violating the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq., and the Kentucky Civil Rights Act.

**II.  PARTIES**

2.  Walker, at all times relevant to this litigation, resided within Laurel County, which is within the geographical boundaries of the Eastern District of Kentucky.

3.  Defendant is a corporation that maintains offices and conducts business in the Eastern District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. § 1367; and 42 U.S.C. § 12117.

5. Walker's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7. At all times relevant to this action, Walker was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

8. Walker has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

9. Walker is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and KRS 344.040(1).

10. Walker exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

11. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Eastern District of Kentucky; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

12. Walker is a disabled veteran who suffers from combat related Post Traumatic Stress Disorder ("PTSD"). Walker's condition manifests itself in a variety of ways, including, but not limited to, causing him to avoid crowds, preventing him from driving in heavy traffic, causing difficulties with his personal relationships, depression, suicidal thoughts, anxiety, nightmares, hypervigilence, causing him to be easily startled, emotionally numb and difficulty concentrating, Walker's condition substantially limits him in his major life activities.

13. Walker was hired by Respondent at its London, Kentucky location in the position of Remodel on or about July 22, 2015.

14. On or about August 19, 2015, Walker requested a reasonable accommodation for his disability when he requested that his hours be reduced due to his disability. Initially, Cathy, his supervisor, indicated that he did not believe it would be a problem to accommodate him; however, she informed Walker that he needed to speak with Laura. Laura agreed that they should be able to accommodate his request and told him to speak with the Personnel Department regarding the scheduling change. Neither Cathy nor Laura suggested, raised or informed Walker of any issues with his performance.

15. On or about August 25, 2015, Walker spoke with Rita in personnel about his request to reduce his hours as a reasonable accommodation for his disability. Walker was instructed to wait for the Store Manager. An hour later, Jason Hutson, the Store Manager, arrived and asked that Walker meet with him in his office. Hutson

informed Walker that his employment was being terminated for poor work performance.

16. Walker, confused, informed Hutson that no one had ever spoken with him about any performance issues and that the only reason he was in personnel was to have his hours changed to accommodate his combat-related PTSD. Walker asked Hutson to double-check with Cathy, his supervisor.

17. Hutson left the room for about ten minutes and, when he returned, he stated that he double checked and he was still going to fire Walker for poor job performance.

18. Walker stopped by the warehouse on his way home to speak with his supervisor, Cathy. Cathy informed Walker that no one had checked with her regarding Walker's job performance and she noted that she had no complaints about his job performance. Cathy called Laura, with Walker present, and asked if she knew anything about the situation. Laura stated that she was not aware of any performance issues and no one had contacted her regarding Walker's termination from employment.

19. Defendant's stated reason for discharging Walker is pretext for discrimination based on his disability.

## V. LEGAL ALLEGATIONS

### COUNT I-DISABILITY DISCRIMINATION - ADA

20. Paragraphs one (1) through twenty (20) of Walker's Complaint are hereby incorporated.

4

21.     Defendant violated Walker's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by discriminating against him because of his disability.

22.     Defendant's actions were intentional, willful and in reckless disregard of Walker's rights as protected by the ADA.

23.     Walker has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II-DISABILITY DISCRIMINATION - KCRA

24.     Paragraphs one (1) through twenty-three (23) of Walker's Complaint are hereby incorporated.

25.     Defendant violated Walker's rights as protected by the Kentucky Civil Rights Act by discriminating against him because of his disability.

26.     Defendant's actions were intentional, willful and in reckless disregard of Walker's rights as protected by the KCRA.

27.     Walker has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Roylee Walker, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1.     Provide appropriate accommodations to Plaintiff and reinstate him to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity;

4. Pay to Plaintiff punitive damages for Defendant's violations of the ADA;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

s/ Andrew Dutkanych _____
Andrew Dutkanych (Atty No. 91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Roylee Walker*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Roylee Walker, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/ Andrew Dutkanych _____
Andrew Dutkanych (Atty No. 91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Roylee Walker*